UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:20CV88 |
| ) | |
| $6,800 IN U.S. CURRENCY, ) | |
| ) | |
| Defendant. ) | |

RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on the United States' Motion to Strike Claim [Doc. #17]. Pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(iii), "[i]f a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include . . . striking pleadings in whole or in part." Claimant Notosha Graves Moore did not respond to the Government's Motion to Strike.[1] For the reasons set out below, the Court will recommend that the Motion to Strike be granted.

I. BACKGROUND

The Court set out the history of this action in detail in its Order granting Plaintiff's Motion to Compel [Doc. #16]. In short, the Rockingham County Sheriff's Office executed a

---

[1] Pursuant to Local Rule 7.3(k), where no response to a motion is filed, "the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice." Under that Rule, the Motion to Strike could be granted as an uncontested motion. The Court has nevertheless analyzed the Motion to Strike and made appropriate findings as set out herein.

1

search warrant on the home of William Tyrone Moore and Notosha Graves Moore on June 15, 2019. During the search, officers recovered digital scales, two ounces of marijuana and six ounces of cocaine, and $11,040 in U.S. currency. William Moore was ultimately convicted on state drug trafficking charges stemming from the search, and the Drug Enforcement Agency began administrative forfeiture proceedings as to the currency. Claimant Notosha Moore filed a claim alleging ownership of $6,800 of the seized currency ("Defendant Currency"), and that portion of the currency was referred to the United States Attorney's Office for judicial proceedings. The United States instituted a civil action <u>in rem</u> by filing a Verified Complaint of Forfeiture [Doc. #1], pursuant to 21 U.S.C. § 881(a)(6), which allows for forfeiture of property "furnished or intended to be furnished . . . in exchange for a controlled substance," and 18 U.S.C. § 981(a)(1)(C), which allows for forfeiture of property "traceable to a violation of" various criminal statutes including the exchange of controlled substances. Claimant filed a Claim demanding the return of Defendant Currency [Doc. #7].

The United States served Claimant with discovery requests on or about April 23, 2020, seeking a range of financial information. In response, Claimant provided paystubs showing her earnings from late March 2019 to early June 2019, along with copies of various identification documents, but otherwise failed to substantively respond. The United States sent Claimant a letter requesting full responses by June 12, 2020. After not receiving a response to the letter, the United States left a voice message to the same effect on June 22, 2020. After Claimant failed to respond, the United States filed a Motion to Compel responses to its discovery requests, which was granted on December 15, 2020 after Claimant failed to respond to the Motion. In its Order [Doc. #16], the Court noted that "the Discovery Requests

2

Case 1:20-cv-00088-TDS-JEP    Document 24    Filed 09/08/21    Page 2 of 7

seek relevant information," and directed Claimant to "provide complete responses if she wants to pursue her claim." Claimant was specifically cautioned that failure to respond by January 15, 2021 would "result in the imposition of sanctions, including dismissal of the Claim and entry of default judgment in favor of the United States." The deadline to respond has passed, and Claimant has provided no further responses. Following Claimant's failure to respond, the United States filed its Motion to Strike the Claim.

II. DISCUSSION

A. Legal Standard for Rule 37 Sanctions

Pursuant to Rule 37(b)(2)(A), the Court may issue a range of sanctions for failure to comply with discovery orders, including striking pleadings in whole or in part. Other sanctions available under Rule 37(b)(2)(A) include: (1) directing that designated facts be taken as established for the purposes of the action; (2) prohibiting a disobedient party from supporting or opposing designated claims or defenses; (3) staying proceedings until the order is obeyed; (4) dismissing the action or proceeding in whole or in part; (5) rendering a default judgment against the disobedient party; and (6) treating a failure to obey an order (except for an order to submit to a physical or mental examination) as contempt of court.

The Court has wide discretion in determining whether to issue discovery sanctions under Rule 37. S. States Rack and Fixture, Inc. v. Sherwin-Williams Co., 318 F.3d 592, 595 (4th Cir. 2003). However, that discretion is not "without bounds or limits." Wilson v. Volkswagen of Am., 561 F.2d 494, 503 (4th Cir. 1977). Because the sanction of striking or dismissing a pleading is particularly harsh, the Fourth Circuit has cautioned that it should be reserved for "only the most flagrant case." Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs.,

3

Inc., 872 F.2d 88, 92 (4th Cir. 1989). The Fourth Circuit has adopted a four-part test to guide this Court's discretion:

> (1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions.

Id. (citing Wilson, 561 F.2d at 503-06.) In addition, the Fourth Circuit has "emphasized the significance of warning a defendant about the possibility of default before entering such a harsh sanction." Hathcock v. Navistar Intern. Trans. Corp., 53 F.3d 36, 40 (1995); see also United States v. Approximately $88,125.00 in United States Currency, No. 3:10CV486, 2013 WL 98280, at *1 (W.D.N.C. Jan. 8, 2013) ("The Fourth Circuit has emphasized the significance of establishing a history of dilatory action and warning to the offending party of what may follow prior to imposing monetary sanctions or dismissing the action for failure to comply with discovery obligations.").

    B. Application of the *Mutual Federal* factors

In consideration of the Mutual Federal factors as set out below, the Court finds that striking Ms. Moore's Claim is an appropriate sanction. The Court addresses each factor in turn.

    1. Whether Claimant's responses to the discovery requests were in bad faith

When a party fails to adequately respond to discovery requests and chooses not to appear for a noticed deposition, a finding of bad faith is supported. See Cochran v. Volvo Group North America, LLC, No. 1:11-CV-927, 2014 WL 2207994, at *6-7 (M.D.N.C. May 28, 2014). After an initial cursory response, Claimant here failed to respond to the United

4

States' attempts to contact her regarding her discovery responses, did not participate in briefing on either the United States' Motion to Compel or its present Motion to Strike, and failed to supplement her responses after the Court granted the Motion to Compel. Claimant was specifically warned that failure to comply with the Court's prior Order would risk dismissal of her Claim, yet she has not turned over any of the requested information or attempted to work with the government to set out a schedule for compliance. Considered in conjunction with her prior failure to respond to the United States' efforts to contact her without court intervention, and her complete lack of participation in the discovery process since her initial, insufficient disclosure, the Court finds that Claimant's failure to comply with the Order granting Plaintiff's Motion to Compel warrants a finding of bad faith.

2. <u>Whether Claimant's responses to the discovery requests resulted in prejudice</u>

Claimant's failure to respond to discovery requests has prevented this case from moving forward for months, prejudicing the Government. When a party's failure to act prevents a case from going forward, the resulting prejudice to the opposing party is severe. <u>United States v. $8,369.00 in U.S. Currency</u>, No. 1:08CV145, 2009 WL 88060, at *1 (M.D.N.C. Jan. 12, 2009). Discovery in this matter was initially due on June 17, 2020. Claimant's failure to provide complete discovery responses, and failure to respond to the United States' efforts to contact her regarding discovery, has led to multiple extensions of that deadline. In addition, Claimant's unresponsiveness forced the Government to file a Motion to Compel, which was granted in December 2020. Claimant's failure to provide information responsive to relevant discovery requests has now continued for over a year since the original discovery deadline, delaying resolution of her Claim and resulting in significant prejudice to the United States.

3. <u>Whether Claimant's discovery conduct should be deterred</u>

"Outright non-compliance with a court order cannot be countenanced, and such flagrant violation of the rules must be deterred. No less drastic a sanction than dismissal can be effective in the face of Claimant's complete refusal to participate in discovery." <u>United States v. Three Tracts of Real Prop. in E. Bend Twp.</u>, No. 1:04CV00987, 2007 WL 433381, at *1 (M.D.N.C. Feb. 5, 2007). After her initial insufficient discovery responses forced the United States to file a Motion to Compel, Claimant has entirely failed to comply with the Court's Order granting that motion. The need to deter such flagrant violations of the Court's orders is significant, and warrants the drastic sanction of striking her Claim.

4. <u>Whether a less drastic sanction is available in this case</u>

Finally, the Court considers the possibility of less drastic sanctions and whether any other sanctions would be effective in the case. In the matter before the Court, Claimant was warned that a failure to provide discovery responses as ordered by January 15, 2021 may subject her to Rule 37 sanctions, which would include the possibility of dismissal of her claim. That deadline has long passed, and Claimant has not provided substantive responses or attempted to work with the United States to develop a plan for providing such responses. Moreover, Claimant has completely stopped participating in this case, and there is no way to

6

Case 1:20-cv-00088-TDS-JEP    Document 24    Filed 09/08/21    Page 6 of 7

fashion a less drastic sanction in the circumstances.² Due to Claimant's continued noncompliance in the face of a court order and a specific warning of the risk of dismissal of her Claim, and in light of her complete failure to continue participating in the case, the Court is of the view that no less drastic sanction than striking the Claim would be effective.

III. CONCLUSION

IT IS THEREFORE RECOMMENDED that Plaintiff's Motion to Strike Claim [Doc. #17] be GRANTED, and the Claim of Notosha Graves Moore [Doc. #7] be stricken.

This, the 8th day of September, 2021.

/s/ Joi Elizabeth Peake
United States Magistrate Judge

---

² Notably, Claimant has not updated the Court with a new address, but the Court's last mailing to her was returned undeliverable. Under Local Rule 11.1:
> A party appearing *pro se* shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a *pro se* plaintiff from the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

In this case, mail addressed to Plaintiff was returned as undeliverable on April 29, 2021. Over 63 days have passed, and no updated address or other information has been provided by Plaintiff. This case cannot proceed without Plaintiff's updated information, as the Court has no way to contact her.